UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GARNETTA S. BELL,                               Case No.:

        Plaintiff,

v.

MIAMI-DADE COUNTY,

A FLORIDA MUNICIPAL CORPORATION

        Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, **GARNETTA S. BELL** ("Ms. Bell" also known as "Plaintiff") by and through her undersigned counsel, **hereby sues** MIAMI-DADE COUNTY, A FLORIDA MUNICIPAL CORPORATION ("Defendant") for damages in excess of $ 75, 000 for violations of her civil rights occurring during her employment relationship with Defendant. The Plaintiff sues Defendant under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1871, as amended, 42 U.S.C. Section 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, Section 760.01 *et seq.*, Florida Statutes ("FCRA") and American with Disabilities Act of 1990 ("ADA").

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343. This action arises under 42 U.S.C. Sections 2000e *et seq.* and 42 U.S.C. Sections 1981 and 1981a.

2. This Court has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. Section 1367.

3. The Plaintiff reside in Dade County, Florida.

4. The Defendant is doing business in Dade, Florida and located within this judicial district.

5. **MIAMI-DADE COUNTY, A FLORIDA MUNICIPAL CORPORATION is a** "person" within the meaning of 42 U.S.C. sec. 2000e(a) and an "employer" within the meaning of 42 U.S.C. Sec. 2000e(b).

6. The United States Equal Employment Opportunity Commission ("EEOC") received timely charges (Charge No. **510-2011-05317**). The charges allege that Defendant discriminated against her on the basis of her Race and her Disability. The Plaintiff filed this instant as result of the violations set forth in this instant complaint.

7. The Plaintiff protected rights were violated.

## CLAIM FOR RELIEF

8. Plaintiff was employed as Transit Service Specialist since April 2008.

9. Ms. Bell began her employment as a Transit Service Specialist in Defendant's EASY Card Services department in or around October 6, 2008.

10. The Plaintiff direct supervisors were Melissa Scott, Tariq Shabazz, Boon Tan, and Bernet Spence.

11. Plaintiff is African-American.

12. Beginning on or around March 2006, the Plaintiff suffered a disability known as ("Chronic Musculoskeletal"), in which the Defendant became known of disability and Supervisors (HR) on or about October 8, 2009 and August 2010 by providing supporting doctor documents and filing for reasonable accommodation under-ADA.

13. The Plaintiff complained to her immediate supervisors Tariq Shabaz, Boon Tan, Bernet Spence, Rosie Perez (Chief at that time), Derick Gordon (AD Bus Operations) and Human Resource Department Anthony Hados, Maria Saboya (Chief of HR – she signed and approved placement... and (others who were not immediate supervisors or Human Resource – Civil Rights (Kathy Lewis/Maud Lozano) and Union Officials. However, All except Maria Sabora (Chief HR at that time) failed to take any meaningful steps to correct the harassing behavior or discipline the harassers.

14. On or about December 2010, April 21, 2011, July 2011 and numerous times before, between and there after, the Plaintiff made complaints and Defendant took no action to investigate her allegations. Instead, Retaliated against Plaintiff by trying to offer a lower classification that is designated as Paratransit Service Clerk. Including but not limited to sending her home (August 2011) on long-term disability. Defendant's actions were insufficient and ineffective, and the harassment actually increased in frequency.

15. Defendant has discriminated against the Plaintiff on her basis of race, in violations Title VII, Section 1981 and FCRA by:

3

a) subjecting the Plaintiff to racial discrimination during her employment with Defendant that adversely affected the terms, conditions, and privileges of employment; and

b) failing or refusing to take prompt remedial action to correct the effects of the discriminatory treatment.

16. All conditions precedent to filing of suit have been performed or have occurred.

17. The Plaintiff is responsible for reasonable attorney fees.

## COUNT I

## DEFENDANT HAS VIOLATED TITLE VII

### (FAILURE TO PROMOTE BASED UPON RACE)

18. Plaintiff adopts and realleges paragraphs 1-18 above as if incorporated herein.

19. The aforementioned race based failure to promote were sufficiently severe and pervasive to affect the terms and conditions of Plaintiff employment, and to create an intimidating, hostile, and offensive work environment in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a).

20. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employees because of her race.

21. The unlawful employment practices complained of were intentional.

22. The unlawful employment practices against the Plaintiff, were done with malice or reckless indifference to the Plaintiff's federally protected rights.

4

23. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff were emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff Award compensatory damages to fully compensate for the pain, suffering, and physical ailments caused by Defendant's discriminatory conduct, pursuant to and within statutory limitations of Title VII, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT II

### DEFENDANT HAS VIOLATED

### 42 U.S.C SECTION 1981 a

24. Plaintiff adopts and realleges paragraphs 18 above as if incorporated herein.

25. The aforementioned unwelcome race failure to promote were sufficiently severe and pervasive to affect the terms and conditions of Plaintiff employment, and to create an intimidating, hostile, and offensive work environment in violation of 1981.

26. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employees because of her race.

27. The unlawful employment practices complained of were intentional.

28. The unlawful employment practices against the Plaintiff, were done with malice or reckless indifference to the Plaintiff's federally protected rights.

29. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff were emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff Award compensatory damages to fully compensate for the pain, suffering, and physical ailments caused by Defendant's discriminatory conduct, pursuant to and within statutory limitations of 1981, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT III
## DEFENDANT HAS VIOLATED THE FLORIDA
## CIVIL RIGHTS ACT
### (Disparate Treatment)

30. Plaintiff adopts and realleges paragraphs 1-18 above as if incorporated herein.

31. The unlawful employment practices complained of were intentional.

32. The unlawful employment practices against the Plaintiff, were done with malice or reckless indifference to the Plaintiff's protected rights.

33. The Plaintiff was retaliated against for her complaints.

34. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff were emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff Award compensatory damages to fully compensate them for the pain, suffering, and physical ailments caused by Defendant's discriminatory conduct, pursuant to and within statutory limitations under FCRA, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT IV
## CLAIM OF DISCRIMINATION
## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## (ADA)

35. Plaintiff adopts and realleges paragraphs 1-18 above as if incorporated herein.

36. Plaintiff made reasonable request to be accommodated for her disability due to unreasonable working conditions, as described above.

37. That Plaintiff condition is within the meaning of ADA as being disabled.

38. That the Defendant failed to accommodate her disability, and promote within the proper Title and pay.

39. Defendant's failure to accommodate for Plaintiff disability condition as required by ADA was intentional, and with malice or reckless indifference to the Federally protected rights.

40. As a direct and proximate result of Defendant's unlawful employment practices and violation of ADA, Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay and benefits, , attorney's fees and costs, together with such other relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant

To Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of

1991, 42 U.S.C. sec. 1981a.

Dated August 14, 2017

Respectfully submitted,

## VERIFICATION CLAUSE

I, GARNETTA S. BELL verify that the above is true and correct under perjury.



Discrimination Law Center, P.A.
Attorney for Plaintiff
2255 Glades Road., Suite 324A
Boca Raton, Florida 33431
(954) 254-6430 /(561) 271-1769

By:   s/*Jay F. Romano*
      Trial Counsel
      Jay F. Romano
      Florida Bar No.: 0934097

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished with the Clerk of Court via the CM/ECF system, which will send a notice of

electronic filing to: this 15th day of August, 2017.

*s/ Jay F. Romano*

Jay F. Romano